[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on Petitioner, United Steelworkers of America, Local Union 14852's (hereinafter "the Union") objection to the respondent, Town of Bristol's (hereinafter "the Town") motion for award of attorneys' fees. The dispute over the amount of attorneys' fees recoverable by the Town arose subsequent to an arbitrator's determination that a contract between the Union and the Town had not been violated when the Town terminated the medical insurance of certain town workers. There was then a question as to the amount of overpayments of Workers' Compensation supplement the Town was entitled to recover. The Town's position was that it was entitled to collect an amount in excess of $90,000. Subsequently, there ensued a series of negotiations regarding the accuracy of the Town's calculations in arriving at the above dollar amount which resulted in a reduction of $33,000.
The Union argues that those fees provided for pursuant to General Laws 1956 (1985 Reenactment) § 28-9-18(c) should be related only to time specifically devoted to the Motion to Vacate the Arbitration award. The Union also contends that the Town should be compelled to separate from the bills submitted to the Court that time which is directly related to defending the Motion to Vacate the Arbitration award and eliminate the time spent reconstructing the Town's payroll records to determine the amount actually due from union members. The figure arrived at by the Town is $10,381.33 in attorneys' fees, inclusive of a request that it be awarded $1,000 for "additional fees and disbursements."
Section 28-19-18(c) of the General Laws permits an award of attorneys' fees to the prevailing party resisting a motion to vacate an arbitrator's award. That provision notwithstanding, Rule 1.1 of the Rules of Professional Conduct sets forth relevant considerations when determining the reasonableness of a fee. Among factors provided are the time and labor involved in the performance of a given task, as well as the novelty and difficulty of the questions involved. With the foregoing standards in mind, this Court finds that the Town's request for an award of $10,381.33 in attorneys' fees is excessive.
The Court bases its finding on the fact that much of the work performed relating to the current request for fees involved the Town's efforts in determining the actual amounts overpaid by the Town. In this regard, the Court finds that those fees requested with respect to time spent organizing and reconstructing the Town's payroll records are not recoverable from the Union. Furthermore, the hours ostensibly devoted to various work details regarding the motion to vacate are difficult to accept. More specifically, in excess of 30 hours spent researching and writing a nine page memorandum regarding a court's authority to vacate an arbitrator's award is not reasonable, particularly when the issue is far from a novel one. There is also some disparity in the respective times billed for certain telephone conversations between counsel for the Town and counsel for the Union. Lastly, the Court finds that there exists no reasonable justification by which the Town is entitled to $1,000 for "additional fees and disbursements."
After viewing the records which reflect the work performed by counsel for the Town in regard to the motion to vacate, this Court finds that attorneys' fees in the amount of $3,000 are reasonable. Counsel shall prepare an order consistent with this opinion.